UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIKA DAWN KNIGHT,

      Plaintiff,

v.                                             Case No: 8:15-cv-2263-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## ORDER

     Plaintiff, Erika Dawn Knight, seeks judicial review of the denial of her claim for disability insurance benefits.  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.    Procedural Background

     Plaintiff filed an application for disability insurance benefits on February 17, 2011, alleging disability beginning December 27, 2010.  (Tr. 279.)  She later amended her alleged onset date to March 1, 2011.  (Tr. 322.)  The Commissioner denied Plaintiff's claims both initially and upon reconsideration.  (Tr. 28.)  Plaintiff then requested an administrative hearing.  (Tr. 28.)  Upon Plaintiff's request, the ALJ held an initial hearing at which Plaintiff appeared and testified on March 29, 2013.  (Tr. 84.)  Plaintiff also testified at a hearing held on July 26, 2013 and requested a ninety-day postponement to procure legal representation.  (Tr. 75, 77.)  The Plaintiff again testified at a supplemental hearing to consider additional medical evidence on November 18, 2013.  (Tr. 52.)  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not

disabled and accordingly denied Plaintiff's claims for benefits.  (Tr. 28.)  Subsequently, Plaintiff

requested review from the Appeals Council, which the Appeals Council denied.  (Tr. 1.)  Plaintiff

then timely filed a complaint with this Court.  (Dkt. 1.)  The case is now ripe for review under 42

U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.      Factual Background and the ALJ's Decision**

Plaintiff, who was born on January 9, 1975, claimed disability beginning on March 1, 2011.

(Tr. 279, 322.)  Plaintiff has a twelfth grade education.  (Tr. 322.)  The ALJ determined that

Plaintiff could perform past relevant work as a data entry clerk.  (Tr. 39.)  Plaintiff alleged

disability due to headaches, migraines, back problems, anxiety/panic disorder, chronic pain, major

depression disorder, agoraphobia, and back injury.  (Tr. 331, 373.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial

gainful activity since March 1, 2011, the amended alleged disability-onset date.  (Tr. 30.)  After

conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had

the following severe impairments: chronic low back pain syndrome, obesity, depression, and

anxiety.  (Tr. 30.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did

not have an impairment or combination of impairments that met or medically equaled one of the

listed impairments in Title 20, Code of Federal Regulations, Part 404, Subpart P, Appendix 1

("Listing").  (Tr. 30.)  The ALJ then concluded that Plaintiff retained a residual functional capacity

("RFC") to perform sedentary work as defined in Title 20, Code of Federal Regulations Part 404,

Section 1567(a).  (Tr. 32.)  Specifically, the ALJ found that Plaintiff has the ability to lift/carry ten

pounds and stand/walk and sit for six hours each in an eight-hour workday.  The ALJ further found

that Plaintiff can occasionally balance, stoop, crouch, kneel, and crawl, but cannot climb ropes or

scaffolds and ladders exceeding six feet and is limited to no more than occasional overhead

reaching.    Further, she should avoid frequently ascending and descending stairs and pushing/pulling motions with her lower extremities within the aforementioned weight restrictions. She should be restricted to a clean work environment with low and clear lighting conditions.   The ALJ found that Plaintiff requires work that is simple and unskilled or low semiskilled in nature, which are tasks performed so frequently as to be considered routine, even though the tasks themselves might not be considered simple.   Further, due to her mild to moderate pain and medication side effects, Plaintiff should avoid hazards in the workplace such as unprotected areas of moving machinery, heights, ramps, ladders, scaffoldings, and, on the ground, unprotected areas of holes and pits.   The ALJ further found that Plaintiff has non-exertional mental limitations which affect her ability to concentrate upon complex or detailed tasks, but she would remain capable of understanding, remembering, and carrying out simple job instructions, making work-related judgments and decisions, responding appropriately to supervision, coworkers and work situations, and dealing with changes in a routine work setting.   The ALJ finally noted that Plaintiff uses a cane to ambulate but that it is not necessary for her to use it at a workstation.  (Tr. 32.)

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible.  (Tr. 36.)

The ALJ then determined that Plaintiff could perform past relevant work as a data entry clerk. (Tr. 39.) Given Plaintiff's background and RFC, the vocational expert testified that Plaintiff could also perform other jobs existing in significant numbers in the national economy, such as an addresser, a call out operator, and a surveillance system monitor. (Tr. 40–41.) Accordingly, based

on Plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ found Plaintiff not disabled. (Tr. 41.)

<h3 align="center">APPLICABLE STANDARDS</h3>

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of a Listing; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits

only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to assess the severity of Plaintiff's headaches and migraines; and (2) the ALJ failed to apply the pain

standard to Plaintiff's headaches and migraines.  For the reasons that follow, neither of these contentions warrant reversal.

## A.    Step Two Severity of Impairments Analysis

The ALJ concluded that Plaintiff had the severe impairments of chronic low back pain syndrome, obesity, depression, and anxiety.  Plaintiff contends that the ALJ erred by not addressing whether Plaintiff's headaches and migraines are severe impairments.  (Dkt. 22 at 6-9.) Specifically, Plaintiff contends that the ALJ erred by failing to discuss Plaintiff headaches and migraines except for "a recitation of the medical evidence and her testimony" and that the ALJ failed to analyze the effect of the headaches and migraines on Plaintiff's ability to work.  (Dkt. 21 at 8.)

At step two of the evaluation process, the ALJ must consider the medical severity of the claimant's impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  When considering the severity of the claimant's medical impairments, the ALJ must determine whether the impairments, alone or in combination, significantly limit the claimant's physical or mental ability to do basic work skills. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520(c)).

At the second step, the claimant bears the burden of proof that he or she suffers from a severe impairment or combination of impairments.  *Gibbs v. Barnhart*, 156 F. App'x 243, 246 (11th Cir. 2005).  An impairment is not severe "only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."  *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).  "Basic work activities" include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of

judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  20 C.F.R. § 404.1521(b)(1)–(6).

If an ALJ finds that a claimant has a severe impairment, even if an ALJ errs in finding a claimant's *additional* impairments are non-severe, such error is harmless because the ALJ has determined that step two of the analysis is met and proceeds in the disability analysis.  *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("Accordingly, even assuming that [claimant] is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below."); *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902–03 (11th Cir. 2011) ("Even assuming the ALJ erred when he concluded [claimant's] edema, sleep apnea, and obesity were not severe impairments, that error was harmless because the ALJ considered all of his impairments in combination at later steps in the evaluation process."); *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

The ALJ is, however, "required to consider all impairments, regardless of severity, in conjunction with one another in performing the *latter steps* of the sequential evaluation." *Tuggerson-Brown*, 572 F. App'x at 951 (emphasis added).  As examples, an ALJ's statements that he considered whether claimant's impairment or combination of impairments met a Listing or that he considered all symptoms in determining claimant's RFC are sufficient "to demonstrate that the ALJ considered all necessary evidence."  *Id.* at 951-52 (finding the ALJ's discussion of the combined effects of claimant's impairments sufficient because the ALJ discussed the non-severe impairments in the ALJ's assessment of claimant's RFC); *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986) (emphasis in original) (quoting the ALJ and finding that it was "clear" that

the ALJ considered claimant's impairments in combination because the ALJ stated that "'based upon a thorough consideration of all evidence, the ALJ concludes that appellant is not suffering from any impairment, *or a combination of impairments* of sufficient severity to prevent him from engaging in any substantial gainful activity.'").  The ALJ's failure to consider the combination of a claimant's impairments requires reversal.  *Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985).

In this case, at step two of the sequential evaluation process, the ALJ found that Plaintiff had severe impairments of chronic low back pain syndrome, obesity, depression, and anxiety.  (Tr. 30.)  Thus, the ALJ found in Plaintiff's favor at step two and proceeded with the other steps of the sequential evaluation.  Because the ALJ found that Plaintiff had severe impairments and thus proceeded beyond step two, any error in failing to find that Plaintiff suffers from additional severe impairments of headaches and migraines was rendered harmless.  *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th. Cir. 2013).

Further, at step three of the sequential process, the ALJ properly considered all of Plaintiff's relevant impairments and found that Plaintiff did not have "an impairment or combination of impairments that medically meets or equals" a Listing, which is sufficient to show that the ALJ considered the combined effect of Plaintiff's impairments.  (Tr. 30.)  *Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991).  Also, in considering Plaintiff's RFC, the ALJ stated that he "considered all symptoms."  (Tr. 32.)  The ALJ then detailed Plaintiff's medical history, including her headaches and migraines.  (Tr. 33-36.)  Specifically, the ALJ noted that Plaintiff presented to the emergency room on March 20, 2012, and was diagnosed with a headache consistent with influenza and viral syndrome.  (Tr. 34, 772).  On May 17, May 25 and July 3, 2012, Plaintiff was

diagnosed with a migraine headache in the emergency room.  (Tr. 34, 715, 724, 741.)  On July 11, 2012, October 3, 2012, and February 12, 2013, Plaintiff presented to the emergency room and was diagnosed with a migraine or headache.  (Tr. 35, 652, 700, 1202.)  On July 31, 2013, Plaintiff was admitted to the hospital for symptoms including an intractable migraine. (Tr. 35, 1512.)  Plaintiff was next treated for a migraine on August 28, 2013.  (Tr. 35, 1571.)  She was then seen for a right parietal tumor on September 13, 2013 related to severe migraine headaches.  (Tr. 35, 1616.)  The ALJ also noted Plaintiff's testimony regarding her headaches and migraines and their effect on her ability to function.   (Tr. 35-36.)   Specifically, Plaintiff testified that her migraines have significantly worsened in the past few years with associated nausea, light and sound sensitivity, and motion sensitivity. (Tr. 36.)  Plaintiff also alleged, and the ALJ noted, that her migraines cause dizziness and inability to function, and she has to lie in a dark, cold room for at least one hour and up to all day.  (Tr. 36.)  Her migraines allegedly cause her unsteadiness, and she was prescribed a cane in April 2013.  (Tr. 36.)

In sum, the ALJ sufficiently considered whether the combination of Plaintiff's impairments rendered Plaintiff disabled because the ALJ considered all of Plaintiff's impairments, severe and non-severe, at steps three and four of his analysis.  Further, because the ALJ found that Plaintiff has severe impairments at step two of his analysis, the ALJ's determination that Plaintiff's migraines and headaches are non-severe was harmless.  Accordingly, Plaintiff's first contention does not warrant reversal.

## B.    Pain Standard

Plaintiff next contends that the ALJ failed to apply the "pain standard" to Plaintiff's headaches and migraines.  (Dkt. 21 at 9.)  Specifically, Plaintiff contends that because the ALJ did not discredit Plaintiff's testimony regarding her headaches and migraines, Plaintiff's allegations

of nausea, light sensitivity, sound sensitivity, motion sensitivity, dizziness, the necessity to lay in a dark, cold room, and instability on her feet must be accepted as true.  (Dkt. 21 at 13.)

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529(a).  A three-part "pain standard" applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  A plaintiff must show: (1) objective medical evidence of an underlying medical condition and either (2) objective medical evidence that substantiates the severity of the pain from the condition or (3) that the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged.  *Id.*; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

The ALJ can make credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding.  *Holt*, 921 F.2d at 1223.  When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so.  *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995); *see also Holt*, 921 F.2d at 1223 ("[T]he ALJ's discretionary power to determine the credibility of testimony is limited by his obligation to place on the record explicit and adequate reasons for rejecting that testimony.").  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  *Foote*, 67 F.3d. at 1562.

When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures

taken by the claimant for relief of symptoms.   20 C.F.R. § 404.1529(c)(3).   The credibility determination does not need to cite particular phrases or formulations.   However, it cannot merely be a broad rejection that is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole.   *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

A review of the ALJ's decision reflects that the ALJ carefully considered the Plaintiff's testimony and provided adequate reasons for finding Plaintiff not entirely credible.   As noted above, the ALJ described Plaintiff's medical history of headaches and migraines in detail, including Plaintiff's own testimony regarding the effects of her headaches and migraines.   (Tr. 34-36.)   Immediately after the description of Plaintiff's headaches and migraines, the ALJ stated that "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 36.)   The ALJ evaluated Plaintiff's subjective symptoms and gave specific reasons as to why he found them not fully credible:

> [A]fter considering all the factors set out in [Section 404.1529], the undersigned finds that the claimant's subjective complaints are not fully credible considering the claimant's own description of her activities and lifestyle, the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the claimant's demeanor at the hearing, the reports of the treating and examining practitioners, the medical history, the findings made on examination, and the claimant's assertions concerning her ability to work.

(Tr. 37.)

In support of his conclusion, the ALJ considered Plaintiff's daily activities.   For example, the ALJ considered that Plaintiff drives.   The ALJ noted that "[e]ven the minimal operation of a

motor vehicle requires substantial attention and concentration, understanding, remembering, and carrying out of complex functions, and the substantial exercise of independent judgment.  The claimant's own testimony reveals that she has been doing all of this and more on a substantial basis." (Tr. 36, 97, 115, 362.)  Moreover, the ALJ noted that the record reflects work activity after Plaintiff's alleged disability-onset date.  (Tr. 36.)  Plaintiff alleged that she became disabled on March 1, 2011, yet she continued to work in 2012 and 2013.  (Tr. 292, 323-324.)  Although Plaintiff's work activity did not constitute substantial gainful activity, it may indicate that Plaintiff is able to do more work than she actually did, and, therefore, her headaches and migraines are not as limiting as she alleged.  *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 808 (11th Cir. 2013); 20 C.F.R. § 404.1571.

The ALJ also considered the effects of Plaintiff's medications.  The ALJ specifically stated that "[t]he claimant has been prescribed and has taken appropriate medications for the alleged impairments, which weighs in the claimant's favor, but the medical records reveal that the medications have been relatively effective in controlling the claimant's symptoms." (Tr. 37.) Specifically, Plaintiff reported that her medications relieve her pain.  (Tr. 342.)  The ALJ also analyzed the effects of Plaintiff's medications, noting that "although the claimant has alleged side effects from the use of medications, the record indicates generally that those side effects are mild and would not interfere with the claimant's ability to perform work activities in any significant manner." (Tr. 37.)  The record reflects that Plaintiff mainly claimed drowsiness as a side effect of her medications.  (Tr. 358, 366, 375.)  However, during a psychological evaluation, consulting psychologist Dr. Jennifer Mendoza noted that Plaintiff was alert and responsive despite the many side effects of long-term use of four antidepressant medications and two Benzodiazepines.  (Tr. 38, 578.)

Further, the ALJ considered Plaintiff's receipt of unemployment compensation benefits in making his credibility determination.  (Tr. 37, 105, 422.)  The ALJ reasoned that Plaintiff "may admit an ability to work by applying for unemployment compensation benefits because such an applicant must hold herself out as available, willing, and able to work." (Tr. 37.)  In order to be eligible for unemployment compensation benefits, one must be able and available to work. §443.091(1)(d), Fla. Stat.  This is inconsistent with Plaintiff's application for disability insurance benefits, which was based on her inability to do any substantial gainful activity.  (Tr. 279.) Therefore, Plaintiff's application for and receipt of unemployment benefits demonstrated inconsistencies in Plaintiff's representations to various agencies and further demonstrated Plaintiff's willingness and ability to work.  While the ALJ conceded that this is not conclusive evidence to negate her claim that she is disabled, it is "some" evidence towards Plaintiff's credibility.  (Tr. 37.)  *See Blaisdell v. Colvin*, No. 8:12-CV-01523-T-27AEP, 2013 WL 2285107, at *8 (M.D. Fla. May 23, 2013). The record indicates that the ALJ applied the pain standard to Plaintiff's headaches and migraines and his credibility determination is supported by substantial evidence.  Accordingly, Plaintiff's contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1.  The decision of the Commissioner is **AFFIRMED**.

2.  The Clerk of Court is directed to enter final judgment in favor of the Commissioner

and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on January 31, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record